IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN LEE PARKER,

    Petitioner,

  v.

LARRY SMALL, Warden,

    Respondent.

                                       /

No. C 09-3989 WHA (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Calipatria State Prison in Calipatria, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 in the Southern District of California. It was thereafter transferred to this court. Venue is proper because the conviction was obtained in San Mateo County, which is in this district. *See* 28 U.S.C. 2241(d).

## STATEMENT

In 2006, a jury in San Mateo County Superior Court convicted petitioner of murder and other related charges. The trial court sentenced him to a term of life in prison without the possibility of parole. His conviction was affirmed on direct appeal to the California Court of Appeal, and the California Supreme Court denied his petition for review. It is unclear whether petitioner filed any habeas petitions in the state courts.

**ANALYSIS**

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B. Legal Claims**

Petitioner raises the following claims in his petition: (1) the admission of evidence violated petitioner's right to due process; (2) the instruction to the deadlocked jury was coercive, in violation of petitioner's constitutional rights; (3) the supplemental instruction on reasonable doubt omitted the presumption of innocence, and as a result violated due process; and (4) the imposition of an aggravated sentence violated petitioner's right to a jury trial under *Cunningham v. California*, 549 U.S. 70 (2007).[1]

These claims are sufficient to require a response.

---

[1] These claims are set forth in the brief petitioner filed to the California Supreme Court, which is attached to and referenced by the petition. The brief contains an additional request for the California Supreme Court to review the transcript of an in camera review of petitioner's medical and prison records. This request does not seek habeas relief insofar as it does not challenge the fact or duration of petitioner's custody. Consequently, the claim will be disregarded herein.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October  13 , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\PARKER3989.OSC.wpd