United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   BRIAN LEE PARKER,                              No. C 09-03989 WHA
11              Petitioner,
12     v.                                           **ORDER DENYING MOTION FOR
                                                    STAY AND ABEYANCE
13   LARRY SMALL,                                   AND REQUEST FOR
                                                    ADDITIONAL BRIEFING**
14              Respondent.
15   _____/

16        Petitioner moves to stay and abet the instant action so that he can exhaust certain

17   unexhausted claims in the California Supreme Court.  He also requests additional briefing on

18   whether his unexhausted claims relate back to the federal habeas claims he has already brought.

19   For the reasons that follow, his motion is **DENIED**.

20        A jury found petitioner guilty of (1) special circumstance first degree murder with an

21   enhancement for the intentional discharge of a firearm proximately causing great bodily injury,

22   (2) robbery with an enhancement for the intentional discharge of a firearm proximately causing

23   great bodily injury, (3) first degree burglary with an enhancement for the personal use of a

24   firearm, (4) discharging a firearm at an inhabited dwelling with an enhancement for being

25   armed with a firearm, (5) assault with a firearm and (6) possession of a firearm by a felon.  The

26   The trial court found that petitioner had two prior serious felony convictions and one prison

27   prior.  The California Court of Appeal affirmed the judgment, and the California Supreme Court

28   denied the petition for review.

1    Under AEDPA, petitioner's one-year deadline to file his federal habeas petition was

2    August 12, 2009.  Petitioner timely filed a federal *habeas* petition raising four claims

3    concerning purported errors by the trial court: (1) the admission of purportedly coerced

4    evidence by a witness allegedly violated petitioner's right to due process, (2) in response to its

5    note that it was deadlocked, the trial court's instruction to the jury was purportedly coercive, (3)

6    in response to the jury's request for a "more understandable" explanation of reasonable doubt,

7    the trial court's supplemental instruction omitted the presumption of innocence, and (4) the

8    imposition of an enhanced sentence based on his priors violated petitioner's right a jury trial.

9    Petitioner now seeks to add three claims alleging ineffective assistance of counsel at

10   trial.  He claims that defense counsel (1) failed to call a legitimate alibi witness, (2) failed to

11   adequately impeach certain prosecution witnesses, and (3) did not adequately investigate what

12   petitioner characterizes as largely circumstantial evidence against him.

13   In limited circumstances, a district court has the discretion to stay and hold in abeyance

14   a habeas corpus petition pending exhaustion of state remedies.  *Rhines v. Webber*, 544 U.S. 269,

15   277–78 (2005).  Stay and abeyance is only appropriate when the district court determines there

16   was good cause for petitioner's failure to first exhaust his claims in state court.  Here, petitioner

17   states that good cause exists because he "wished for prior habeas counsel to exhaust [these

18   claims] in the California Supreme Court, yet they were not exhausted" (Br. at 3).  This is

19   insufficient to show good cause under *Rhines.*  Virtually every habeas petitioner, at least those

20   represented by counsel, could argue that he wanted his counsel to exhaust such claims and

21   thereby secure a stay.  This would run afoul of *Rhines* and its instruction that district courts

22   should only stay mixed petitions in "limited circumstances." *Rhines* 544 U.S. at 277.

23   The Ninth Circuit found no good cause existed for a stay in *Wooten v. Kirkland*, 540

24   F.3d 1019, 1024 (9th Cir. 2008).  In *Wooten*, the petitioner claimed he *believed* that his counsel

25   had exhausted all claims.  By contrast, petitioner here does not even claim he was unaware that

26   his ineffective assistance claims were not exhausted.  Petitioner here therefore offers even less

27   of a showing of good cause than the petitioner in *Wooten*.  Therefore, his motion to stay is

28   **DENIED**.

United States District Court

For the Northern District of California

2

United States District Court

For the Northern District of California

*      *      *

Petitioner acknowledges that he did not file his new ineffective assistance claims before the deadline for filing his federal habeas petition. He requests an order allowing additional briefing — if his ineffective assistance claims are not successful in state court — on whether these new claims "relate back" to his existing claims and therefore should be considered to have been timely filed.

In *Moyle v. Felix*, 545 U.S. 644 (2005), the Supreme Court explained that for purposes of federal habeas proceedings, an amendment "relates back" to the date of the original pleading where the original and new claims were "tied to a common core of operative facts" *Id.* at 664. Felix's new claim was that his own pretrial statements were inadmissible under the Fifth Amendment because they were coerced. This did not relate back to his original claim that a witness's statements violated the Confrontation Clause of the Sixth Amendment because the two claims arose from separate congeries of facts.

Petitioner's new claims in the present matter similarly arise arise out of alleged errors by counsel that are separate and distinct in time and type from the errors by the trial court alleged in his original habeas claims. His proposed new claims therefore do not relate back to his original claims.

Petitioner argues that his new claims relate back because "[t]he crux of the original pleading in the instant case is that [his] conviction is the result of federal constitutional error, and ineffective assistance of counsel, which sounds in the Sixth Amendment, is certainly just this type of error." This argument fails because *all* claims in a federal habeas petition must allege federal constitutional error. By petitioner's logic, there would be no way to limit what new claims could relate back to older petitions. The Supreme Court rejected such a broad interpretation of "relation back" in *Felix.*

Accordingly, petitioner has not raised a plausible argument that his new claims could

1  relate back to the same facts and occurrences as his original exhausted claims. His request for

2  additional briefing is **DENIED**.

3

4        **IT IS SO ORDERED.**

5

6  Dated: April 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE